FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 14, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS G. PADDOCK,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES AIR FORCE,<br><br>    Defendant. | NO: 2:19-CV-36-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant United States Air Force's (the "Air Force's") Motion to Dismiss, ECF No. 14, and Plaintiff Dennis Paddock's Motion to Remand to the Air Force Board for Correction of Military Records (the "AFBCMR"), ECF No. 18. Having reviewed the parties' filings and the relevant law, the Court grants the Motion to Dismiss and denies the Motion to Remand to the AFBCMR.

///

///

///

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

## BACKGROUND

While serving in the Air Force, Plaintiff sought a promotion from the rank of major to lieutenant colonel in the early 1980s. ECF No. 1-2. After not receiving the promotion on two occasions, Plaintiff scheduled a retirement date in August 1983 on the basis that he was subject to involuntary retirement. ECF No. 1-2 at 8; *see also* 10 U.S.C. § 632 (effective Sept. 15, 1981). However, in June 1983, the Air Force corrected Plaintiff's promotion record, and he was retroactively promoted to lieutenant colonel, as if he had been selected for promotion in 1978. ECF No. 1-1 at 8. Plaintiff cancelled his planned, involuntary retirement. ECF No. 1 at 5.

Shortly after Plaintiff's promotion, the Air Force considered Plaintiff for promotion from lieutenant colonel to colonel. *See* ECF No. 1-1 at 61. However, the promotion board did not promote Plaintiff. *See id.* Plaintiff maintains, as do individuals who wrote letters of support for Plaintiff, that he could not have been competitive for a promotion from lieutenant colonel to colonel so soon after his record was corrected because he did not have an opportunity to build a record of positive Officer Effectiveness Reports ("OERs") as a lieutenant colonel. *See* ECF Nos. 1 at 5; 1-1 at 61, 63.

Plaintiff voluntarily retired on April 1, 1984, after completing more than twenty years of service, making him eligible to receive a pension. *See* ECF No. 1-2 at 5. Plaintiff asserts that he "reluctantly" decided to retire and "seek new

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

opportunities" because he perceived that further advancement in the Air Force was "impossible." ECF No. 1 at 6.

On March 23, 2002, Plaintiff applied to the AFBCMR to correct his records

> to reflect that he was continued on active duty until August 1991, which would have enabled him to obtain a 28-year Lt Col career; or that he was directly promoted to the grade of colonel and continued on active duty until August 1993, which would have given him a full 30-year career.

ECF No. 1-2 at 9. The AFBCMR denied Plaintiff's request on September 17, 2003. *Id.* Plaintiff did not include the September 17, 2003 decision with the Complaint, nor any other document indicating the reasoning behind the AFBCMR's denial.

On February 20, 2004, Plaintiff sought reconsideration of the September 2003 denial by the AFBCMR. ECF No. 1-2 at 10. On February 27, 2004, the AFBCMR found that Plaintiff's "evidence did not meet the criteria for reconsideration." *Id.*

On April 29, 2004, Plaintiff appealed to the Secretary of the Air Force, who deferred the case to the AFBCMR, where Plaintiff "was again advised that his request did not meet the criteria for reconsideration." ECF No. 1-2 at 10.

On September 6, 2005, Plaintiff requested reconsideration of his appeal. ECF No. 1-2 at 10. On June 27, 2006, the AFBCMR denied his request. *Id.*

On January 12, 2008, Plaintiff again filed an application with the AFBCMR, requesting that his military career "be made whole." ECF No. 1-2 at 10. However, on July 7, 2008, Plaintiff requested to administratively close the new case, and the AFBCMR closed the case on August 19, 2008. *Id.* at 5.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

On February 22, 2010, Plaintiff again sought relief from the AFBCMR. ECF No. 1-2 at 10. The AFBCMR reviewed additional documentation submitted by Plaintiff and concluded that the documentation did not amount to new and relevant evidence supporting reconsideration of the AFBCMR's decision or justify reopening Plaintiff's case. *Id.* at 12. Alongside that conclusion, the AFBCMR also determined that OERs for Plaintiff that were entered between December 30, 1978, and October 17, 1982, should be administratively corrected to reflect a grade of lieutenant colonel rather than major. *Id.*

On March 20, 2013, Plaintiff again requested reconsideration from the AFBCMR. ECF No. 1-2 at 6. The Executive Director of the AFBCMR responded to Plaintiff on February 20, 2014, as follows:

> This is in response to your letter, dated 20 Mar 13, which is essentially a request for reconsideration of your application for correction of your military records AFBCMR Docket Number BC-2002-01061.
>
> We have examined your recent request and inasmuch as it contains essentially, [sic] the same request as your 23 Mar 02, 6 Sep 05, and 5 Feb 10 request, which were previously considered and denied by the AFBCMR, and you have provided no new relevant evidence, it does not meet the criteria for reconsideration by the Board.
>
> Reconsideration of a previously denied application is authorized only where newly discovered relevant evidence is presented which was not reasonably available when the application was originally submitted. Additionally, the reiteration of facts previously addressed by the Board, uncorroborated personal observations, or additional arguments on the evidence of record are also not grounds for reopening a case.
>
> Absent judicial action, the Air Force considers your AFBCMR decision final. Any future correspondence from you on this issue will be filed without action. However pursuant to 5 U.S.C. § 701, et Seq. [sic] and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

28 U.S.C. § 1491, Congress authorizes applicants to pursue final AFBCMR decisions through the U.S. Court of Claims or appropriate U.S. District Court. Those Federal Courts have the authority to set aside AFBCMR decisions if they find them to be arbitrary or capricious. I know this might not be the answer you were seeking, but, no further action on your application will be taken.

ECF No. 1-2 at 7.

Plaintiff again sought reconsideration from the AFBCMR on May 14, 2014. ECF No. 1-1 at 3. However, the AFBCMR took no further action "in accordance with" the February 20, 2014, correspondence from the AFBCMR Executive Director. ECF No. 1-2 at 6.

Plaintiff filed a Complaint with this Court on January 24, 2019, seeking remand to the AFBCMR "to correct my records as they have done for others in similar situations" and seeking injunctive relief in the form of an order directing the Air Force to:

> a. continue my active duty as a lieutenant colonel for the several years that would and should have allowed me to build a record as a lieutenant colonel and to have competed on a fair basis with my peers for promotion to the grade of colonel, and ultimately, if not promoted to colonel, to a full 28 years on active duty as a lieutenant colonel, and retirement in that grade, or

> b. continue my active duty as a lieutenant colonel for the several years that would and should have allowed me to build a record as a lieutenant colonel and to have competed on a fair basis with my peers for promotion to the grade of colonel, and promote me retroactively to colonel to replace the missed opportunity I was denied by the errors (opportunity for promotion to colonel was 50%) and ultimately to a full thirty years on active duty as a colonel and retirement in that grade.

ECF No. 1 at 9.

Furthermore, in Plaintiff's motion to remand this matter to the AFBCMR, he seeks answers to: (1) why the Air Force Personnel Center presented [his] records, as a major, to the colonel's promotion board with no [Lieutenant Colonel ("LTC")] OERs and missing five special reports that all LTCs had in their records—except [him]"; and (2) "why the AFBCMR did not offer [him] the same relief they have offered others in similar situations i.e. time to build a record in the new grade." ECF No. 19 at 2.

## LEGAL STANDARD

When a defendant challenges a complaint's sufficiency under Fed. R. Civ. P. 12(b)(6), the court must determine whether the complaint bears "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marin Ins. Co.*,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

519 F.3d 1025, 1031 (9th Cir. 2008). The Court also must construe Plaintiff's complaint liberally because he is proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011 (per curiam) (internal quotation omitted).

## ANALYSIS

The Secretaries of the United States military departments are empowered to "correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a). Generally, a request for correction must be filed "within three years after discovering the error or injustice." 10 U.S.C. § 1552(b). A board established to perform this records correction function "may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice." *Id.* With respect to the Air Force, the AFBCMR's decisions are "final" actions by the Secretary of the Air Force when the AFBCMR denies any application, as well as under certain conditions in which the AFBCMR grants an application. 32 C.F.R. § 865.4(l) (2003).

A challenge to an adverse decision by the AFBCMR on the basis that it is arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, must be brought "within six years after the right of action first accrues." 28 U.S.C. § 2401(a). A claim challenging an adverse decision by the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

AFBCMR accrues at the time the AFBCMR issues the final agency decision. *See Rempfer v. United States Dep't of Air Force Bd. for Corr. of Military Records*, 538 F. Supp. 2d 200, 206−07 (D.D.C. 2008).

Federal statutes of limitations generally are subject to equitable tolling principles, meaning that a limitations period may be tolled where circumstances beyond a plaintiff's control prevented plaintiff from filing the claim on time. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015); *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997). However, equitable tolling of the statute of limitations occurs only where a plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 596 (9th Cir. 1991) ("[W]hen external forces, rather than plaintiff's lack of diligence, account for the failure to file a timely claim, equitable tolling is proper.").

Motions to dismiss ordinarily should not be granted on statute of limitations grounds where equitable tolling may apply. *See Sopher v. Washington*, 249 F. App'x 520, 521 (9th Cir. 2007) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276−77 (9th Cir. 1993)). Indeed, a "motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206

(9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Here, Plaintiff does not allege facts that, if proven, would establish that equitable tolling applies and that this action is timely. Rather, Plaintiff asserts that he was submitting his case to the Court on the Board's suggestion. ECF No. 19 at 1. However, the AFBCMR's letter describing recourse available through the federal courts was not issued until February 20, 2014, well after the six-year statute of limitations period already had passed. ECF No. 1-2 at 7. Therefore, even if Plaintiff were relying on the Board's reference to seeking recourse through the federal courts, the relevant statute of limitations already had expired.

The Court acknowledges that Plaintiff has engaged in a lengthy, and likely frustrating, odyssey to correct what he perceives are errors that prevented him from being promoted. However, Plaintiff does not present any authority or facts to support the relief he seeks. Orders from other district court judges remanding cases to the AFBCMR and decisions by the AFBCMR to correct records "for others in similar situations," as Plaintiff alleges, do not overcome the problem of the expiration of the statute of limitations under the APA.

The AFBCMR's final decision in this matter was issued on September 17, 2003, with the statute of limitations expiring on September 17, 2009. *See* ECF No. 1-2 at 9; 28 U.S.C. § 2401(a). Even viewing the Complaint in the light most favorable to Plaintiff and reading the allegations liberally, there is no basis to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9

conclude that any agency action later than the September 17, 2003 decision by the AFBCMR is the final decision for purposes of the APA. The September 17, 2003 decision was the AFBCMR denial of Plaintiff's March 23, 2002 application to the AFBCMR for relief, which Plaintiff filed nearly eighteen years after his voluntary retirement in 1984. See 32 C.F.R. § 865.4(l). The statute of limitations for challenging AFBCMR's denial of Plaintiff's 2002 application ran in 2009.

Accordingly, Plaintiff's complaint is time-barred and, therefore, fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Moreover, dismissal with prejudice is appropriate because the remoteness in time of the AFBCMR's final decision and the lack of any circumstances supporting tolling indicate that amendment is futile. See Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); see also Avery v. Dep't of the Army, No. 14-cv-1077-YGR (PR), 2015 U.S. Dist. LEXIS 94319 (N.D. Cal. July 20, 2015) (dismissing with prejudice under similar circumstances). The Court further denies Plaintiff's Motion to Remand as futile, on the same basis of the statute of limitations for seeking relief from the federal court.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss, **ECF No. 14**, is **GRANTED**.
2. Plaintiff's Motion to Remand, **ECF No. 18**, is **DENIED**.
3. This matter is **dismissed with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter a judgment of dismissal, provide copies to Plaintiff and counsel, and **close the file**.

**DATED** November 14, 2019.

                                      *s/ Rosanna Malouf Peterson*
                                 ROSANNA MALOUF PETERSON
                                     United States District Judge